### Rousey *v.* Mattox.

Cobb, J.　1. An agreement by a tenant with a laborer that the latter shall have as compensation for his services all the cotton raised upon a designated field included in the rented premises, the landlord having no knowledge of such agreement and in no way assenting thereto, can not, of itself and without more, operate to defeat his statutory lien for supplies on all the crops produced upon the entire tract of land rented to the tenant. Consequently, where in such a case the tenant delivered to the landlord crops raised on such field, and the latter in good faith accepted the same in satisfaction of his lien for supplies, the laborer could not, in an action at law, recover from the landlord the value of such crops.

2. It follows from the above that even if a landlord's special lien for supplies on the crop of the year is inferior to a laborer's special lien for work done in the making of such crop, the laborer can not assert such lien by bringing an ordinary suit at law against a landlord, who had in good faith by agreement with the tenant taken the crop in settlement of his lien, for the value of so much of the crop as would equal the amount due the laborer by the tenant.

3. The charges complained of, being in substantial accord with the rule above announced, were not erroneous, and there was ample evidence to warrant the verdict.　*Judgment affirmed. All the Justices concurring.*

Submitted July 21,—Decided August 9, 1900.

Complaint.　Before Judge Proffitt.　City court of Elberton. January 10, 1900.

*Joseph N. Worley*, for plaintiff.